UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

Caption in Compliance with D.N.J. LBR 9004-1(b)

Law Offices of Marc G. Alster, LLC
Two University Plaza, Suite 311
Hackensack, New Jersey 07601
(201)883-1190
Attorney for debtors, Alain Fatovic and
Dawn E. Fatovic



Order Filed on June 23, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| Case No.: | 17-23056 |
| Chapter: | 13 |
| Judge: | JKS |

In Re:

ALAIN FATOVIC AND DAWN E. FATOVIC

## ORDER ON MOTION FOR AUTHORIZATION
## TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT
## (CHAPTER 13)

The relief set forth on the following page is **ORDERED**.

DATED: June 23, 2022

_____
Honorable John K. Sherwood
United States Bankruptcy Court

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on <u>June 3, 2022</u>, as to the <u>first</u> mortgage concerning real property located at <u>454 Park Avenue, Fairview, New Jersey 07022</u>, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

- ■ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Being that the debtor has successfully completed his Chapter 13 by submitting his 60th plan payment on or before June 1, 2022, the debtor need not file a Modified Chapter 13 Plan and Motions, and need not file amended Schedules I and J subsequent to the entry of this Order.

4) Check one:

- ■ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

- ❏ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on _____ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

- ❏ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 need not be filed as the debtor has already successfully completed his Chapter 13 Plan on or about June 1, 2022.

❏ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*